## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## (MACON DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor in interest to ATLANTIC SOUTHERN BANK, ) ) ) | |
| Plaintiff, ) | **CIVIL ACTION NO.**     5:14-CV-40-MTT |
| ) | |
| v. ) | |
| ) | |
| 18 CONNECTOR ASSOCIATES, LLC, CDS DEVELOPMENT ASSOCIATES, LLC, EUGENE C. DUNWODY, JR., JACK W. JENKINS, AND DANIEL SCOTT PIPKINS, ) ) ) ) ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff CertusBank, N.A. ("CertusBank"), as successor in interest to Atlantic Southern Bank ("Atlantic Southern") hereby files this Complaint (the "Complaint"), for damages against Defendants 18 Connector Associates, LLC ("18 Connector" or "Borrower"), CDS Development Associates, LLC ("CDS"), Eugene C. Dunwody, Jr. ("Dunwody"), Jack W. Jenkins ("Jenkins"), and Daniel Scott Pipkins ("Pipkins", and together with CDS, Dunwody, and Jenkins, collectively the "Guarantors")(hereinafter, Guarantors and 18 Connector shall be collectively referred to as, the "Defendants"), showing the Court as follows:

### Jurisdictional Allegations

1.      Plaintiff CertusBank is a national banking association, with its principal place of business located in South Carolina.

2.      Defendant 18 Connector is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 240 Maryanne Drive, Macon,

1

Georgia 31220.

3.      18 Connector is a citizen of every state in which each and every one of its members is a citizen.

4.      Upon information and belief, the members of 18 Connector consist of Ronald B. Conners, Richard J. Schippel, and Defendants Dunwody, Jenkins, and Pipkins.

5.      Ronald B. Conners resides in and maintains his principal residence in the State of Georgia.

6.      Ronald B. Conners is a citizen of the State of Georgia.

7.      Richard J. Schippel resides in and maintains his principal residence in the State of Georgia.

8.      Richard J. Schippel is a citizen of the State of Georgia.

9.      None of the members of 18 Connector reside in or are domiciled in the State of South Carolina.

10.      None of the members of 18 Connector are citizens of the State of South Carolina.

11.      18 Connector may be served through its registered agent, Charles D. Newberry, at 101 Gordon Street, Gray, Georgia 31032, or such other address where it may be found.

12.      Defendant CDS is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 240 Maryanne Drive, Macon, Georgia 31220.

13.      CDS is a citizen of every state in which each and every one of its members is a citizen.

14.      Upon information and belief, the members of CDS consist of Ronald B. Conners, and Defendant Dunwody.

ATL 19604316v1

15.     None of the members of CDS are domiciled in the State of South Carolina.

16.     None of the members of CDS are citizens of the State of South Carolina.

17.     CDS may be served through its registered agent, Ronald B. Conners, at 240 Maryanne Drive, Macon, Georgia 31220, or such other address where it may be found.

18.     Defendant Dunwody resides in and maintains his principal residence in the State of Georgia.

19.     Defendant Dunwody is domiciled in the State of Georgia.

20.     Defendant Dunwody is a citizen of the State of Georgia.

21.     Dunwody may be served at 300 Mulberry Street, Suite 604, Macon, Georgia 31202, or such other address where he may be found.

22.     Defendant Jenkins resides in and maintains his principal residence in the State of Georgia.

23.     Defendant Jenkins is a citizen of the State of Georgia.

24.     Jenkins may be served at 327 3rd Street, Suite 604, Macon, Georgia 31201, or such other address where he may be found.

25.     Defendant Pipkins resides in and maintains his principal residence in the State of Georgia.

26.     Defendant Pipkins is domiciled in the State of Georgia.

27.     Defendant Pipkins is a citizen of the State of Georgia.

28.     Pipkins may be served at 1063 Walnut Street, Macon, Georgia 31201, or such other address where he may be found.

29.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds

$75,000.00.

30.     Venue is appropriate in the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391(a) and LR 3, M.D. Ga.

## Facts

A.  **Loan No. 401056600 – Note 1**

31.     On or about April 28, 2011, 18 Connector, through its manager, Ronald B. Conners ("Conners") executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement* (as amended and/or modified from time to time, the "Note 1 Loan Agreement").

32.     A true and correct copy of the Note 1 Loan Agreement is attached hereto as Exhibit A and incorporated herein by this reference.

33.     On or about April 28, 2011, 18 Connector, through its manager Conners, executed and delivered to Atlantic Southern a certain *Promissory Note* in favor of Atlantic Southern, in the principal amount of $1,045,100.00 (as amended and/or modified from time to time, "Note 1").

34.     A true and correct copy of the Note 1 is attached hereto as Exhibit B and incorporated herein by this reference.

35.     On or about April 28, 2011, Dunwody executed that certain *Guaranty* (the "Note 1 Dunwody Guaranty"), pursuant to which Dunwody absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by 18 Connector to Atlantic Southern under the Note 1 Loan Agreement, Note 1, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 1 Loan Documents").

36.     A true and correct copy of the Note 1 Dunwody Guaranty is attached hereto as Exhibit C and incorporated herein by this reference.

4

37.     On or about April 28, 2011, Jenkins executed that certain *Guaranty* (the "Note 1 Jenkins Guaranty"), pursuant to which Jenkins absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by 18 Connector to Atlantic Southern under the Note 1 Loan Documents.

38.     A true and correct copy of the Note 1 Jenkins Guaranty is attached hereto as Exhibit D and incorporated herein by this reference.

39.     On or about April 28, 2011, Pipkins executed that certain *Guaranty* (the "Note 1 Pipkins Guaranty", and together with the Note 1 Dunwody Guaranty, the Note 1 Jenkins Guaranty, collectively, the "Note 1 Guaranties"), pursuant to which Pipkins absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by 18 Connector to Atlantic Southern under the Note 1 Loan Documents.

40.     A true and correct copy of the Note 1 Pipkins Guaranty is attached hereto as Exhibit E and incorporated herein by reference.

41.     CertusBank is the current holder of the Note 1 Loan Agreement, Note 1, the Note 1 Guaranties, and related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

42.     Note 1 matured on April 28, 2012 (the "Note 1 Maturity Date").

43.     On or about August 16, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 1 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 1 Demand Letter").

44.     A true and correct copy of the Note 1 Demand Letter is attached hereto as Exhibit F and is incorporated herein by this reference.

45.     In the Note 1 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions of Note 1and other Note 1 Loan Documents providing for payment of attorneys' fees would be enforced if the amount due and owing under Note 1was not paid within ten (10) days of receipt thereof.

46.     As of January 24, 2014, principal, accrued but unpaid interest, and accrued fees outstanding under Note 1 is as follows:

| | |
|---|---|
| Principal: | $ 1,045,100.00 |
| Interest through January 24, 2014: | $    108,069.64 |
| TOTAL: | $1,153,169.64 |

47.     As of January 24, 2014, interest continues to accrue on Note 1 at the *per diem* rate of $145.15. Additional interest, fees, costs and charges continue to accrue under Note 1 from January 24, 2014 going forward.

48.     The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 1 as of January 24, 2014 are exclusive of costs of collection and attorneys' fees available under the Note 1 and applicable law.

B. **Loan No. 402411900 – Note 2**

49.     On or about April 28, 2011, 18 Connector, through its manager, Conners executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement* (as amended and/or modified from time to time, the "Note 2 Loan Agreement", and together with the Note 1 Loan Agreement, the "Loan Agreements").

50.     A true and correct copy of the Note 2 Loan Agreement is attached hereto as Exhibit G and incorporated herein by this reference.

51.     On or about April 28, 2011, 18 Connector, through its manager Conners, executed and delivered to Atlantic Southern a certain *Promissory Note* in favor of Atlantic Southern, in the

6

principal amount of $355,197.77 (as amended and/or modified from time to time, "Note 2", and together with Note 1, collectively, the "Notes").

52.     A true and correct copy of Note 2 is attached hereto as Exhibit H and incorporated herein by this reference.

53.     On or about April 28, 2011, CDS executed that certain *Guaranty* (the "Note 2 CDS Guaranty"), pursuant to which CDS absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by 18 Connector to Atlantic Southern under the Note 2 Loan Agreement, Note 2, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents", and together with the Note 1 Loan Documents, the "Loan Documents").

54.     A true and correct copy of the Note 2 CDS Guaranty is attached hereto as Exhibit I and incorporated herein by this reference.

55.     On or about April 28, 2011, Dunwody executed that certain *Guaranty* (the "Note 2 Dunwody Guaranty"), pursuant to which Dunwody absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by 18 Connector to Atlantic Southern under the Note 2 Loan Documents.

56.     A true and correct copy of the Note 2 Dunwody Guaranty is attached hereto as Exhibit J and incorporated herein by this reference.

57.     On or about April 28, 2011, Pipkins executed that certain *Guaranty* (the "Note 2 Pipkins Guaranty", and together with the Note 1 Pipkins Guaranty, collectively, the "Pipkins Guaranties")(hereinafter, the Note 2 Pipkins Guaranty, the Note 2 CDS Guaranty, and the Note 2 Dunwody Guaranty shall be collectively referred to as the "Note 2 Guaranties") (hereinafter the

7

Note 1 Guaranties and the Note 2 Guaranties will be collectively referred to as, the "Guaranties") pursuant to which Pipkins absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by 18 Connector to Atlantic Southern under the Note 2 Loan Documents.

58.     A true and correct copy of the Note 2 Pipkins Guaranty is attached hereto as Exhibit K and incorporated herein by this reference.

59.     CertusBank is the current holder of the Note 2 Loan Agreement, Note 2, the Note 2 Guaranties, and related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

60.     Note 2 matured on April 28, 2012 (the "Note 2 Maturity Date").

61.     On or about August 16, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 2 Demand Letter").

62.     A true and correct copy of the Note 2 Demand Letter is attached hereto as Exhibit L and is incorporated herein by this reference.

63.     In the Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions of Note 2 and other Note 2 Loan Documents providing for payment of attorneys' fees would be enforced if the amount due and owing under Note 1was not paid within ten (10) days of receipt thereof.

64.     As of January 24, 2014, principal, accrued but unpaid interest, and accrued fees outstanding under Note 2 is as follows:

| | |
|---|---|
| Principal: | $ 355,197.77 |
| Interest through January 24, 2014: | $   36,520.73 |
| TOTAL: | $ 391,718.50 |

65.     As of January 24, 2014, interest continues to accrue on Note 2 at the *per diem* rate of $ 59.69. Additional interest, fees, costs and charges continue to accrue under Note 2 from January 24, 2014 going forward.

66.     The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 2 as of January 24, 2014 are exclusive of costs of collection and attorneys' fees available under the Note 2 and applicable law.

<u>**Count I**</u>

**ACTION ON NOTES AGAINST 18 CONNECTOR**

67.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

68.     The Notes executed by 18 Connector are valid and enforceable against 18 Connector.

69.     18 Connector defaulted under the terms of the Notes and said defaults are continuing.

70.     As of January 24, 2014, 18 Connector is indebted to CertusBank under the Notes in the aggregate amount of $1,544,888.14 plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

71.     CertusBank is entitled to recover from 18 Connector all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the principal amount currently due and payable under the Notes as of January 24, 2014, in the aggregate amount of $1,400,297.77, plus accrued interest in the amount of $144,590.37, and such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count II

### BREACH OF CONTRACTS AGAINST 18 CONNECTOR

72.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

73.     18 Connector breached its obligations under the Notes by failing to make payments as and when due, including, without limitation, full payment upon the Maturity Date.

74.     As a result of the breaches of the contracts described above, 18 Connector is liable to CertusBank for the indebtedness due and owing under the Notes, which remains unpaid.

75.     CertusBank was damaged as a result of the breaches of the contracts described above.

76.     CertusBank is entitled to recover from 18 Connector all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the principal amount currently due and payable under the Notes as of January 24, 2014, in the aggregate amount of $1,400,297.77, plus accrued interest in the amount of $144,590.37, and such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count III

### BREACH OF GUARANTIES AGAINST GUARANTORS

77.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

78.     The Guarantors breached their respective Guaranties by failing to pay all amounts due under the respective Notes upon their Maturity Dates.

ATL 19604316v1

79.    Pursuant to the section captioned "SPECIFIC AND FUTURE DEBT GUARANTY" in the Guaranties, the Guarantors "absolutely and unconditionally…guarant[eed] to [Atlantic Southern] the payment and performance of each and every Debt, of every type, purpose and description" of 18 Connector.

80.    Pursuant to the Guaranties, the Guarantors are liable to CertusBank for the indebtedness due and owing under the Notes to the fullest extent set forth in their respective Guaranties, and such indebtedness remains unpaid.

81.    CertusBank was damaged as a result of the breaches of contract described above.

82.    CertusBank is entitled to recover from Jenkins all amounts due, owing, and accruing under the Notes and applicable law to the fullest extent permitted under the Note 1 Jenkins Guaranty, including but not limited to $78,188.00 of the aggregate principal amount currently due and payable under the Notes as of January 24, 2014, plus accrued interest thereon, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

83.    CertusBank is entitled to recover from Pipkins all amounts due, owing, and accruing under the Notes and applicable law to the fullest extent permitted under the Pipkins Guaranties, including but not limited to $105,560.00 of the aggregate principal amount currently due and payable under the Notes as of January 24, 2014, plus accrued interest thereon, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

84.     CertusBank is entitled to recover from Dunwody and CDS all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the principal amount currently due and payable under the Notes as of January 24, 2014, in the aggregate amount of $1,400,297.77, plus accrued interest in the amount of $144,590.37, and such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count IV

## MONEY HAD AND RECEIVED ON THE NOTES AGAINST ALL DEFENDANTS

85.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

86.     18 Connector received money advanced under the Notes.

87.     18 Connector promised to pay the full principal amount of the Note pursuant to the terms of the Note.

88.     Despite demand by CertusBank for payment, 18 Connector has not paid CertusBank amounts due and owing under the Notes.

89.     18 Connector is not entitled, in good conscience, to retain the money advanced under the Notes.

90.     Defendants are obliged by the ties of natural justice and equity to remit to CertusBank all monies advanced under the Notes.

91.     CertusBank is entitled to recover from the Defendants, jointly and severally, all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the principal amount currently due and payable under the Notes as of January 24, 2014, in the aggregate amount of $1,400,297.77, plus accrued interest in the amount of $144,590.37, and such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count V

### UNJUST ENRICHMENT ON THE NOTES AGAINST ALL DEFENDANTS

92.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

93.     Atlantic Southern provided 18 Connector a valuable service by advancing money to 18 Connector under the Notes.

94.     Defendants requested and knowingly accepted the benefits accruing under the Notes.

95.     Receipt by Defendants of the aforementioned benefits would be unjust without compensating CertusBank.

96.     Defendants have been unjustly enriched in the amount of the outstanding unpaid principal and interest under the Notes, plus expenses, costs, and attorneys' fees.

97.     Defendants, in fairness and good conscience, should remit to CertusBank the extent of the value conferred, including but not limited to, the principal amount currently due and payable under the Notes as of January 24, 2014, in the aggregate amount of $1,400,297.77, plus accrued interest in the amount of $144,590.37, and such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count VI

### ATTORNEYS' FEES AND LITIGATION COSTS ON THE NOTES
### AGAINST ALL DEFENDANTS

98.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

99.     Section 7 of the Notes provides, *inter alia*, that, "This Note is further governed by the Commercial Loan Agreement executed between [18 Connector] and [Atlantic Southern] as part of this Loan, as modified, amended, or supplemented."

100.    The Loan Agreements provide, *inter alia*, that, if 18 Connector's indebtedness thereunder "is collected by or through an attorney after maturity, [18 Connector] agree[s] to pay 15 percent of the Principal and interest owing as attorneys' fees."

101.    Pursuant to O.C.G.A. § 13-1-11, CertusBank made demand upon the Defendants for all amounts owing under the Loan Documents and advised that failure to pay the same will cause the provisions of the Notes providing for attorneys' fees to be enforced.

102.    As of the date of this Complaint, the Defendants have failed to pay CertusBank the amounts outstanding under the Notes.

103.    CertusBank is entitled to recover from the Defendants, jointly and severally, its attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law.

**WHEREFORE,** CertusBank respectfully requests that the Court enter judgment in favor of CertusBank and against Defendants, jointly and severally, as follows:

(a)     As to <u>Count I</u>: Judgment against 18 Connector for action on the Notes in the total aggregate amount of $1,544,888.14 as of January 24, 2014 (comprised of $1,400,297.77 of aggregate principal, and $144,590.37 in aggregate accrued interest), plus such further interest,

expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(b)     As to <u>Count II</u>: Judgment against 18 Connector for breach of contracts in the total aggregate amount of $1,544,888.14 as of January 24, 2014 (comprised of $1,400,297.77 of aggregate principal, and $144,590.37 in aggregate accrued interest), plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(c)     As to <u>Count III</u>: Judgment against Guarantors for breach of their respective Guaranties as follows:

> i.   As to Jenkins, judgment in amount of $78,188.00 as of January 24, 2014 plus interest thereon, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;
>
> ii.  As to Pipkins, judgment in the amount of $105,560.00 as of January 24, 2014 plus interest thereon, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;
>
> iii. As to CDS and Dunwody, judgment in the amount of $1,544,888.14 as of January 24, 2014 (comprised of $1,400,297.77 of aggregate principal, and $144,590.37 in aggregate accrued interest), plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(d)      As to <u>Count IV</u>: Recovery of money had and received by the Defendants, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, in the total amount of $1,544,888.14 as of January 24, 2014 (comprised of $1,400,297.77 of aggregate principal, and $144,590.37 in aggregate accrued interest), plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(e)      As to <u>Count V</u>: Reimbursement by the Defendants to CertusBank for unjust enrichment, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents in the amount of $1,544,888.14 as of January 24, 2014 (comprised of $1,400,297.77 of aggregate principal, and $144,590.37 in aggregate accrued interest), plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(f)      As to <u>Count VI</u>: As to all Defendants, an award of CertusBank's attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law; and

(g)      Any and all other relief the Court deems just, equitable and proper.

Dated: January 27, 2014.

Respectfully submitted,

/s/ Sean A. Gordon

Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
The Forum
3290 Northside Parkway
Suite 400
Atlanta GA 30327
Ph: 678-553-2100
Fax: 678-553-221
gordonsa@gtlaw.com

*Attorneys for Plaintiff, CertusBank, N.A., as successor in interest to Atlantic Southern Bank*

17